541 So.2d 791 (1989)
P.R., a Child, et al. Petitioners,
v.
Gregory JOHNSON, As Superintendent of Broward Regional Juvenile Detention Center, Respondent.
Nos. 89-0536, 89-0537, 89-0538 and 89-0556.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
*792 Alan H. Schreiber, Public Defender, and Richard Geraci, Asst. Public Defender, Fort Lauderdale, for petitioners P.R., N.B., R.D., and D.S.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
These four petitions for writ of habeas corpus have been consolidated sua sponte for purposes of this opinion. Each case shows a marked pattern of judicial response in one division of Broward circuit court to requests by juveniles for release from detention, a response not in compliance with Florida statutes governing juvenile detention.
In P.R. v. Korda, Case No. 89-0536, petitioner juvenile was arrested on January 31, 1989, on charges of sexual battery. Petitioner was placed in home, or nonsecure, detention. After expiration of the twenty-one day detention period provided by statute, petitioner filed a motion for her release. The court denied petitioner's motion and continued the detention, but reduced the "level" from three to one. The "level" assigned appears to involve the degree of reporting and monitoring by the juvenile and the designated juvenile facility.
The attorney general's office, responding on behalf of Judge Korda and Gregory Johnson, superintendent of Broward Regional Juvenile Detention Center, argues that the court correctly continued petitioner's detention, albeit on a lower "level," based on section 39.032(6), Florida Statutes (1987). The two pertinent provisions of this statute are subsections (6)(b) and (6)(d).
(b) No child shall be held in nonsecure or secure detention care or a crisis home under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced by the court.
... .
(d) The time limits in paragraphs (b) and (c) do not include periods of delay resulting from a continuance granted by the court for good cause shown on motion of the child or his counsel or of the state, or upon motion of the court.
The attorney general's argument that subsection (d) justifies the court's continuation of nonsecure detention is without merit. While subsection (d) does allow the court to extend the twenty-one day period on continuances by motion or sua sponte, that was not the circumstance or procedure undertaken in this case. Here, the twenty-one day period expired, without continuance or commencement of an adjudicatory hearing. Accordingly, the petitioner is entitled to release from detention forthwith.
*793 In T.W.C. v. Pate, 369 So.2d 361 (Fla. 1st DCA), reh'g denied (1979), the First District Court of Appeal granted a petition for writ of habeas where a minor was placed in indefinite home detention. The petitioner juvenile was arrested and held on nonsecure detention, on conditions, for twenty-one days. That period elapsed without an adjudicatory hearing having been held. The court ruled that in the absence of new grounds for detention, regularly charged and supported by evidence in accordance with Chapter 39, the court was thereafter without jurisdiction to extend the original detention by means of secure or nonsecure, conditional or unconditional detention. Id. at 362. The same is true here.
The second case before us, N.B. v. Korda, Case No. 89-0537, involved analogous facts and a similar ruling on review. Petitioner N.B. was arrested February 2, 1989, on charges of possession of cocaine and initially was held in the regional detention center. After the twenty-one day period expired, he too moved for release from detention. Again, the court denied the request for release, but reduced his detention to "level one" nonsecure detention. The attorney general's office filed a response arguing that the matter was about to become moot because a trial was imminent.
However, the volume of cases which have come through this court suggest to us that this is a controversy which is capable of repetition, yet evading review due to mootness. Several individual petitioners have had their trials set in the time this court requires for receipt and consideration of a response and reply. In the meantime, they have been detained beyond the twenty-one day period provided for by the law. The harm already has been done. In fact, this court has previously reviewed some six other petitions for writ of habeas corpus involving similar detention orders entered by this one division of the Broward circuit court, all but one of which was dismissed as moot.
When, as here, the action on review is of so short a duration that it cannot be resolved prior to its cessation or expiration, and where there is a reasonable expectation of its repetition, review is proper. Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); State v. Muoio, 438 So.2d 160 (Fla. 2d DCA 1983); Palm Beach Newspapers v. Cook, 434 So.2d 355 (Fla. 4th DCA 1983). For the reasons set forth above, petitioner is entitled to release forthwith. T.W.C. v. Pate.
The next case is R.D. v. Korda, Case No. 89-0538, where petitioner was arrested on February 3, 1989, on charges of battery on a law enforcement officer and resisting arrest. He was placed in secure detention for twenty-one days. After that, he moved for release, and again the court placed him in nonsecure detention. To this, the attorney general responded by stating that the case was about to become moot because the assistant state attorney was about to seek petitioner's release. Once again, the case is not moot, and petitioner is entitled to release forthwith if he has not been released by this time.
The final case is D.S. v. Korda, Case No. 89-0556, in which petitioner was arrested on February 8, 1989, for burglary of an occupied dwelling, aggravated battery and grand theft. He was held in secure detention, then placed in nonsecure detention. After expiration of the twenty-one day period, he then moved for release. Again, the court denied the motion for release, continuing petitioner's detention. Here, the attorney general argues that the court correctly denied his motion for release because petitioner had a criminal record and presently faced felony charges. However, the fact that a juvenile has a past criminal record, or that he presently faces felony charges, does not provide grounds for extending the twenty-one day detention period.
Accordingly, we grant the petitions for writ of habeas corpus in each of the consolidated cases and direct that the petitioners be released from detention forthwith. We also direct, however, that the particular judge named as respondent in each petition be struck from the style of each case, and that the remaining respondent is Gregory *794 Johnson, superintendent of the Broward Regional Juvenile Detention Center.
HERSEY, C.J., and DOWNEY and POLEN, JJ., concur.