PER CURIAM.
The petition for a writ of habeas corpus is hereby granted.
In a series of recent applications for writs of habeas corpus, see P.R. v. Johnson, 541 So.2d 791 (Fla. 4th DCA 1989), it has become apparent that in this particular division of the Seventeenth Judicial Circuit, the court has been detaining children in contravention of section 39.032, Florida Statutes (1987). In the instant case, the respondent represented by the State concedes “that petitioner should be released from nonsecure detention” and in its response continues with the following language:
Section 39.032(3), Florida Statutes (1987) provides the circumstances under which petitioner can be placed in detention. However, none of those situations seem to be present in the record to justify such detention.
Additionally, the State declined to file charges in this matter on May 9, 1989.
In a special concurrence found in Deutsch v. Deutsch, 368 So.2d 625, 626 (Fla. 4th DCA 1979), it was said:
I have every sympathy for trial judges. They are on the firing line, we are not. Moreover they see we appellate judges make many mistakes ourselves — with less excuse. Nevertheless one gets a feeling of hopelessness for the system when any trial judge ignores our directions and goes his own way. The obvious question is: Will he do it again? .... What will happen to the system?
Judges must remember that the Supreme Court of the United States has placed limits on judicial immunity.
WRIT OF HABEAS CORPUS GRANTED.
HERSEY, C.J., and LETTS and GARRETT, JJ., concur.