PER CURIAM.
The petition for writ of mandamus is construed as a petition for writ of habeas corpus and is hereby granted. By order previously transmitted, we have directed the release of this petitioner from secure detention, with this opinion to follow.
Petitioner L.J., a juvenile, was held in secure detention for more than fifty (50) days, well beyond the provisions of section 39.032(6), Florida Statutes (1989). Subsection (6)(b) provides for a maximum detention period of twenty-one (21) days unless an adjudicatory hearing has been commenced. Subsection (6)(d) provides that the twenty-one day period does not include periods of delay resulting from a continuance granted by the court for good cause shown on motion of the child, his counsel, or the State, or on motion of the court.
The record of proceedings below shows that the trial court acknowledged that petitioner had been held beyond the maximum twenty-one day period, but attempted, after the expiration of that period, to retroactively and sua sponte continue the detention period under section (6)(d), on the grounds that petitioner’s parents had failed to provide an attorney to represent their son. We hold that this does not constitute “good cause” under subsection (6)(d).
*714 The twenty-one day maximum period for detention had already expired when the trial judge continued the case for petitioner’s parents to obtain legal counsel. It had expired when the trial judge later refused to release petitioner at the request of the Public Defender’s office. That ruling was based on the trial judge’s uncertainty as to whether the Public Defender had been officially appointed to represent petitioner. Represented or not, petitioner was entitled to release from detention. The statute is unequivocal. Once the maximum detention period expires, the court is without jurisdiction to extend original detention. T.W.C. v. Pate, 369 So.2d 361 (Fla. 1st DCA), reh’g denied, (1979). See also P.R. v. Johnson, 541 So.2d 791 (Fla. 4th DCA 1989).
When the trial judge denied release the last time, he also ruled that the Public Defender, then acknowledged to have been appointed, had requested a continuance of the proceedings. The judge construed this as a waiver of the maximum twenty-one day detention period. We disagree. Again, continuance was requested well after expiration of the maximum detention period.
Accordingly, the petition for writ of ha-beas corpus is granted.
HERSEY, C.J., and LETTS and GARRETT, JJ., concur.