PER CURIAM.
The petition for a writ of habeas corpus is hereby granted, but actual issuance of the writ shall be withheld in light of the response advising that petitioner has been released from detention while this cause was pending.
In J.F. v. Johnson, 543 So.2d 471 (Fla. 4th DCA 1989), this court noted a continued pattern of this particular division of the Seventeenth Judicial Circuit to detain children in contravention of section 39.032, Florida Statutes (1987). Unfortunately, for reasons beyond our comprehension, and despite this court’s opinions in J.F. and in P.R. v. Johnson, 541 So.2d 791 (Fla. 4th DCA 1989), this pattern continues.
Even with the purest intentions and sentiments, no judge may put himself above the law. Indeed, in Pullman v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), the Supreme Court of the United States held in the majority opinion that judicial immunity is not a bar to prospective injunctive relief against a judicial officer, nor to the award of attorney’s fees, as accorded by 42 U.S.C.S. § 1988. We will leave such considerations to the discretion of those parties who may consider such claims in the future, should the particular division continue to refuse to confine its rulings to the governing laws.
LETTS, GLICKSTEIN and GARRETT, JJ., concur.