572 So.2d 24 (1990)
W.N., Petitioner,
v.
Ronald FRYER, Superintendent of Broward Regional Juvenile Detention Center, Respondent.
No. 90-3047.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
Alan H. Schreiber, Public Defender, and Richard Castillo, Asst. Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for respondent.
*25 PER CURIAM.
W.N. filed this emergency petition for writ of habeas corpus seeking relief from secure detention in the Juvenile Detention Center. We grant the petition and quash the trial court detention order. However, we withhold issuance of the writ as the petitioner has since been released.
Petitioner was initially arrested for trespassing. He failed to appear at a court hearing and a "pickup order" was issued. Petitioner was arrested pursuant to this "pickup order" on October 22, 1990 and brought before a judge the next day for a detention hearing. While it is difficult to tell exactly what was intended, the judge continued petitioner's secure detention at that time. However, no new evidence was presented other than that petitioner had been arrested on a "pickup order" for failing to appear at a court-ordered hearing. Petitioner argues that this constitutes a violation of his statutory rights under Chapter 39, Florida Statutes. Although petitioner was released two weeks later, we nevertheless grant review. P.R. v. Johnson, 541 So.2d 791 (Fla. 4th DCA 1989).
Section 39.037, Florida Statutes (1990) provides that a child may be taken into custody for failing to appear at a court hearing after being properly noticed. This section also provides that "[n]othing in this subsection shall be construed to allow the detention of a child who does not meet the detention criteria in § 39.044."
Section 39.044(1) governs juvenile detention prior to a formal detention hearing. Section (2) provides for continued detention of a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing, if the child fits into any of the categories set forth in subsections (a) through (d).[1]
None of the criteria in section (2) apply to the petitioner. Therefore, the court should not have continued secure detention.
The state argues that section 39.044(2) does not apply because this case does not involve continued detention. Instead, the state argues that this case involves original detention. However, the petitioner was taken into custody prior to the detention hearing. The purpose of the detention *26 hearing was to determine probable cause[2] and the need for continued detention. In the absence of findings supporting continued detention as required by the statute, the petitioner is entitled to the relief prayed for.
HERSEY, C.J., and DOWNEY and STONE, JJ., concur.
NOTES
[1] (2) Subject to the provisions of subsection (1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may be continued to be detained by the court if:

(a) The child is alleged to be an escapee or an absconder from a commitment program, a community control program, furlough, or aftercare supervision, or the child is wanted in another jurisdiction for an offense which, if committed by an adult, would be a felony;
(b) The child has been charged with a delinquent act or violation of law and requests in writing through legal counsel to be detained for protection from an imminent physical threat to his personal safety;
(c) The child is charged with a capital felony, life felony, felony of the first degree, felony of the second degree, or a felony that is also a crime of violence; or
(d) The child is charged with a serious property crime as described in s. 810.02(2) or (3) or s. 812.014(2)(c)4., any offense involving the use of a firearm, or any second-degree or third-degree felony involving a violation of chapter 893, and:
1. He has a record of failure to appear at court hearings after being properly notified in accordance with the Rules of Juvenile Procedure;
2. He has a record of law violations prior to court hearings;
3. He has already been detained or has been released and is awaiting final disposition of his case; or
4. He has a record of violent conduct resulting in physical injury to others.
A child who meets these criteria and who is ordered to be detained pursuant to this subsection shall be given a hearing within 24 hours after being taken into custody. The purpose of the detention hearing is to determine the existence of probable cause that the child has committed the delinquent act or violation of law with which he is charged and the need for continued detention. The court shall utilize the results of the risk assessment performed by the intake counselor or case manager and, based on the criteria in this subsection, shall determine the need for continued detention. A child placed into secure, nonsecure, or home detention care may continue to be so detained by the court pursuant to this subsection. If the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement. Section 39.044(2)(a)-(d).
[2] We note that there is no probable cause finding in the record.