580 So.2d 282 (1991)
A.A., a Juvenile, Petitioner,
v.
Cornell ROLLE, Director, Dade County Juvenile Detention Center, Respondent.
No. 91-1167.
District Court of Appeal of Florida, Third District.
May 17, 1991.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., and Anita J. Gay, Asst. Atty. Gen., for respondent.
Before HUBBART, BASKIN and COPE, JJ.
COPE, Judge.
A.A. petitions for a writ of habeas corpus, contending that he may not be punished for contempt by incarceration in the juvenile detention center. We deny the petition.
While in court for an adjudicatory hearing in a delinquency proceeding, A.A. *283 threatened the State's witness in the presence of the court. The trial court adjudicated A.A. to be in contempt of court and committed him to the detention center for ten days. By petition for writ of habeas corpus A.A. contends that the current version of chapter 39, Florida Statutes (Supp. 1990), prohibits the use of a secure detention facility as a sanction for contempt.
The Florida Supreme Court has previously held that in juvenile proceedings the trial court "still retains its inherent authority to punish for contempt, including, if necessary, placing the child in a secured detention facility for a reasonable period of time." A.O. v. State, 456 So.2d 1173, 1175 (Fla. 1984); accord R.M.P. v. Jones, 419 So.2d 618, 620 (Fla. 1982).
A.A. acknowledges the holding of those cases but contends that subsequent legislation has forbidden the use of detention for purposes of punishment of any type. For this proposition A.A. relies on paragraph 39.043(1), Florida Statutes (Supp. 1990) (formerly § 39.0321(1), Fla. Stat. (1989)), and T.D.L. v. Chinault, 570 So.2d 1335 (Fla. 2d DCA 1990), which so holds. We are unable to subscribe to that position.
The statute on which A.A. relies must be read in context with the other detention-related provisions of chapter 39. Detention care in the juvenile system is ordinarily employed for temporary custody of a child pending adjudication of the petition for delinquency. See § 39.01(16), Fla. Stat. (Supp. 1990). Under section 39.042, Florida Statutes (Supp. 1990), the detention criteria are:
(1) All determinations and court orders regarding the use of secure, nonsecure, or home detention shall be based primarily upon findings that the child:
(a) Presents a substantial risk of not appearing at a subsequent hearing;
(b) Presents a substantial risk of inflicting bodily harm on others as evidenced by recent behavior;
(c) Presents a history of committing a serious property offense prior to adjudication, disposition, or placement; or
(d) Requests protection from imminent bodily harm.
Id. § 39.042(1).[1]See also § 39.044(2), Fla. Stat. (Supp. 1990) (criteria for continuation of detention).
The statute relied on by A.A.  section 39.043  is a corollary to the foregoing. It provides:
(1) A child alleged to have committed a delinquent act or violation of law shall not be placed into secure, nonsecure, or home detention care for any of the following reasons:
(a) To punish, treat, or rehabilitate the child;
(b) To allow a parent to avoid his or her legal responsibility;
(c) To permit more convenient administrative access to the child;
(d) To facilitate further interrogation or investigation; or
(e) Due to a lack of more appropriate facilities.
(Emphasis added). Contrary to A.A.'s reading, this section applies only to juveniles who are "alleged to have committed a delinquent act," i.e., juveniles who are at the predisposition phase. The provision relied on by A.A. is paragraph (1)(a), which prohibits the use of detention "[t]o punish, treat, or rehabilitate the child... ." This paragraph is intended to prohibit the detaining authority from making a summary determination  prior to an adjudication of delinquency  that the child needs to be held in detention as a method of punishment, treatment or rehabilitation.[2]
*284 Sections 39.042 and 39.043 must, in other words, be read in pari materia with each other. Section 39.042 is intended to itemize the criteria to be used by the detaining authority in placing a juvenile in detention. Section 39.043 is intended to itemize factors which should not be considered in making a decision to detain the juvenile prior to adjudication. When the juvenile reaches the adjudication stage in an ordinary delinquency proceeding, the powers of disposition are set forth elsewhere in chapter 39. See, e.g., § 39.054, Fla. Stat. (Supp. 1990).
We turn next to the question of sanctions for contempt. The Juvenile Justice Reform Act of 1990, see § 39.0205, Fla. Stat. (Supp. 1990), added a new subsection 39.044(10), as follows:
Detention. 
.....
(10) Any child placed into detention for contempt of court shall be represented by legal counsel as provided in s. 39.041. The following due process rights must be provided during all stages of any proceeding under this chapter:
(a) The right to have the charges against the child in writing served a reasonable time before the hearing.
(b) The right to a hearing before a court.
(c) The right to an explanation of the nature and consequences of the proceeding.
(d) The right to confront witnesses.
(e) The right to present witnesses.
(f) The right to have a transcript or record of the proceedings.
(g) The right to appeal to an appropriate court.
A child shall not be placed in a jail or other facility intended for the detention of adults pursuant to this subsection.
(Emphasis added).
The amendment just quoted was adopted in response to a 1990 recommendation of the Juvenile Justice System Review Task Force. The Task Force recommended that "[a]ny delinquent child or child-in-need-of-services facing placement in a secure detention center for contempt must be provided ... due process rights during all stages of the contempt proceedings... ." Juvenile Justice System Review Task Force, Final Report of Findings & Recommendations, at 45 (Recommendation 45); see supra note 1.[3]
It is clear from the statutory change and from the Task Force Report that the use of secure detention as a sanction for contempt is an available remedy under existing law. The phraseology of subsection 39.044(10) reflects a recognition of existing decisional law authorizing the use of secure detention as a permissible contempt sanction. The purpose of the 1990 legislation was not to preclude the use of secure detention as a sanction for contempt, but rather to assure that appropriate procedural safeguards are employed.[4]
For the reasons stated we conclude that the commitment of A.A. to the secure detention facility as a sanction for contempt *285 is lawful, and deny the petition for writ of habeas corpus. We certify express and direct conflict with T.D.L. v. Chinault.
NOTES
[1] Subsection 39.042(3), Florida Statutes (Supp. 1990), directs the development of a risk assessment instrument which will classify juvenile offenders for purposes of making the detention decision under the criteria of subsection 39.041(1). The instrument is essentially a scoresheet which is designed to indicate whether detention care is warranted, and if so, what type of detention should be employed. Id. § 39.042(3). See generally Florida Juvenile Justice System Review Task Force, Final Report of Findings & Recommendations, at 16-18 (March 20, 1990).

The Task Force was created by chapter 89-295, § 1, Laws of Florida.
[2] Under subsection 39.044(1), Florida Statutes (Supp. 1990), until a detention hearing is held, the initial detention decision is made by an intake counselor or case manager, under some circumstances in consultation with the State Attorney.
[3] Recommendation 45 read, in full:

Any delinquent child or child-in-need-of-services facing placement in a secure detention center for contempt must be provided the following due process rights during all stages of the contempt proceedings: (a) The right to have the charges against the juvenile in writing served a reasonable time before the hearing; (b) the right to counsel; (c) the right to a hearing before the court; (d) the right to an explanation of the nature and consequences of the proceeding; (e) the right to confront and present witnesses; (f) a finding by the court that there is no less restrictive alternative to incarceration which will bring about compliance by the child; (g) the right to a transcript or record of the hearing; and, (h) the right of appeal.
[4] For the reasons stated, it appears that T.D.L. is no longer good law. First, the 1990 legislation clarifies that the juvenile detention center may be used as a sanction for contempt. Second, the T.D.L. court suggested that adult jail could, at least in some circumstances, be used as a contempt sanction instead of the detention center. 570 So.2d at 1336-37. That alternative is foreclosed by the last sentence of subsection 39.044(10), quoted above, which provides that "[a] child shall not be placed in a jail or other facility intended for the detention of adults pursuant to this subsection." Where a juvenile is held in contempt in a juvenile court proceeding, the legislative intent is that the sanction be incarceration in the juvenile detention facility, not in an adult jail.