PER CURIAM.
The juveniles in these two cases were held in detention more than twenty-one days without an adjudicatory hearing in violation of section 39.044(5)(b), Florida Statutes (1991). Their motions for release were nonetheless denied by the trial court which instead extended the detention. Both juveniles then sought habeas corpus relief from this court.
As is common in such cases where the time spans involved are of such short duration, the state’s responses to the petitions indicate that the juveniles have now received their adjudicatory hearings and therefore it is argued that the petitions should be denied as moot. However, as the issue raised is one which is capable of repetition yet evading review,[1] we choose to consider the merits.
Section 39.044(5)(b), Florida Statutes (1991) provides that “No child shall be held in secure, nonsecure, or home detention care under a special detention order for more than twenty-one days unless an adjudicatory hearing for the case has been commenced by the court.” The state does not contest that the juveniles in these cases had been held in detention for more than twenty-one days, but argues that after the twenty-one day period had lapsed and the motions for release filed, the court extended the detention for good cause because the trial judge was ill. It is true that section 39.044(5)(d), Florida Statutes (1991) provides that the twenty-one days of allowable detention shall not include periods of delay resulting from a continuance granted by the court for cause on the motion of the child, his counsel or the state. However, no such motion was made nor any continuance granted during the twenty-one days the juveniles were held in detention, so that provision does not apply. Since the twenty-one days the children were held in detention in these cases did not include any delay due to a court ordered continuance, the juveniles were entitled to be released from detention.
In T.W.C. v. Pate, 369 So.2d 361 (Fla. 1st DCA 1979), the First District agreed that a child held in detention more than twenty-one days without a detention hearing was entitled to release, unless there were new grounds for detention which had been charged in accordance with Chapter 39. Absent such new charges, the First District held that the trial court was without jurisdiction to extend the original detention. See also P.R. v. Johnson, 541 So.2d 791 (Fla. 4th DCA 1989).
In accord, we hold that a juvenile held in detention for more than twenty-one days during which no continuances have been granted is entitled to immediate release unless there have been new charges filed against the child in the interim. Nonetheless, because the juveniles in both of these cases have received their adjudicatory hearings and are no longer held within the scope of section 39.044(5)(b), we decline to issue the writs of habeas corpus in these cases.
COBB, PETERSON and DIAMANTIS, JJ., concur.

. See, e.g., Kight v. State, 574 So.2d 1066 (Fla.1990); In re T.W., 551 So.2d 1186 (Fla.1989); In re Interest of M.C., 567 So.2d 1038 (Fla. 4th DCA 1990); Times Publishing Co., Inc. v. City of St. Petersburg, 558 So.2d 487 (Fla. 2d DCA 1990); P.R. v. Johnson, 541 So.2d 791 (Fla. 4th DCA 1989); Ocala Star Banner Corp. v. Sturgis, 388 So.2d 1367 (Fla. 5th DCA 1980).