BASKIN, Judge.
C.J. petitions this court for a writ of habeas corpus releasing him from secure detention. We deny the petition.[1]
C.J. was arrested on March 20, 1992, for possession of cocaine with intent to sell, a second degree felony [case no. 1], and released the same day. On April 14, C.J. was arrested again for possession of cocaine with intent to sell [case no. 2]; C.J. was released following that arrest.
The State filed a delinquency petition against C.J. in case no. 1 on April 20; C.J. appeared for the sounding on April 27, and the court set the cause for trial. At that time, the court was not aware of C.J.’s April 14 arrest.
The State subsequently filed a delinquency petition against C.J. in case no. 2. At the May 19 sounding, the court entered an order denying C.J.’s motion for release from secure detention, finding that CJ.’s detention was proper pursuant to the statutory criteria set forth in section 39.044(2), Florida Statutes (1991). The court reasoned that C.J. fulfilled the statutory re *118 quirements for detention because he was awaiting adjudication in case no. 1 when he was charged in the subsequent case. See § 39.044(2)(d)3, Fla.Stat. (1991).
The issue before us is whether the trial court properly ordered C.J. detained under section 39.044(2). Section 39.044(2) provides for the continued detention of a juvenile if the facts of the case fit within the statute’s criteria. W.N. v. Fryer, 572 So.2d 24 (Fla. 4th DCA 1990). Section 39.-044(2)(d)3 provides:
(2) Subject to the provisions of subsection (1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court if:
[[Image here]]
(d) The child is charged with ... any second-degree ... felony involving a violation of chapter 893, and:
[[Image here]]
3. He has already been detained or has been released and is awaiting final disposition of his case[]
(Emphasis supplied). C.J. falls under the provisions of subsection (2)(d) because he was charged with possession of cocaine with intent to sell, a second degree felony in violation of chapter 893. We must therefore determine whether he meets the criteria in subsection 2(d)3. If he does, the statute permits his detention.[2]
C.J. asserts that subsection 2(d)3 does not authorize his detention. Relying on the definition of the term “disposition hearing,” in section 39.01(21), Florida Statutes (1991),[3] C.J. maintains that “awaiting final disposition” means the juvenile is awaiting the equivalent of sentencing following adjudication of delinquency. We disagree. The definition of “disposition hearing” in section 39.01(21) applies only to enumerated statutory provisions, which do not include section 39.044. Moreover, we may not graft that definition onto section 39.-044, where the legislature did not use the term “disposition hearing”, but instead chose the phrase “awaiting final disposition.”
We construe the phrase “awaiting final disposition” in subsection 2(d)3 to apply from the moment a juvenile is charged with a crime and begins to await the final disposition of his case. C.J. seeks to limit the subsection to situations where the court has conducted the adjudicatory hearing and the juvenile is awaiting the equivalent of sentencing. Contrary to C.J.’s contention, the statutory language does not reflect such a legislative construction. We decline the offer to rewrite the statute to restrict the statute’s application to the period after an adjudicatory hearing.
After considering the foregoing arguments, we hold that the trial court did not err in determining that C.J. could be detained pursuant to section 39.044(2)(d)3. When C.J. appeared before the trial court in case no. 2, he was charged with a violation of chapter 893, had been released in case no. 1, and was awaiting final disposition of that case. Thus, the statute authorized CJ.’s detention.
This construction is in accord with legislative intent. In promulgating chapter 39, the Legislature found “there is a need for a secure placement for certain children alleged to have committed a delinquent act. The Legislature [found] that detention under the provisions of part II should be used only when less restrictive interim place *119 ment alternatives prior to adjudication and disposition are not appropriate.” § 39.-002(4), Fla.Stat. (1991). We recognize that a juvenile should he detained only in certain narrow circumstances, D.B. v. State, 544 So.2d 1108, 1110 (Fla. 1st DCA 1989); when, as here, the juvenile falls directly within a provision of the statute, it is not error for the trial court to order the juvenile detained.
Petition denied.

. Although CJ. has been released from detention, we visit the issue because it is capable of repetition while evading review. S.J. v. State, 596 So.2d 1181, 1182 n. 1 (Fla. 5th DCA 1992); W.N. v. Fryer, 572 So.2d 24, 25 (Fla. 4th DCA 1990). This opinion does not address any issues arising under section 39.044(9), Florida Statutes (1991).

. The court ordered that C.J. be held in secure detention. Section 39.01(16)(a) defines “secure detention" as “temporary custody of the child while the child is under the physical restriction of a detention center or facility pending adjudication, disposition or placement." (Emphasis supplied.)

. Section 39.01(21), Florida Statutes (1991), states:
“Disposition hearing” means a hearing in which the court determines the most appropriate dispositional services in the least restrictive available setting provided for under s. 39.052(3), in delinquency cases; s. 39.-408(3), in dependency cases; s. 39.44(3), in child-in-need-of-services cases; or s. 39.469, in termination of parental rights cases.
We reject CJ.’s suggestion that the use of the term “disposition” in sections 39.052(3) and .054 serves to define the term as used in section 39.044(2)(d)3.