PER CURIAM.
L.A., a juvenile, files the instant petition for a writ of habeas corpus for review of the trial court’s order detaining petitioner pending adjudicatory hearing. We grant the writ sought.
On August 30, 1993, petitioner was arrested and charged with aggravated assault. On August 31, 1993, a hearing was conducted to determine whether the petitioner should be detained. At that hearing, counsel for petitioner argued that, pursuant to Rule 8.010 of the Florida Rules of Juvenile Procedure, the court had to make a probable cause determination before the court could order the petitioner detained. The court concluded that since the state had filed a petition for delinquency, no judicial determination of probable cause was required. The trial court then referred the petitioner to home detention.
Florida Rule of Juvenile Procedure 8.010(f)(1) clearly provides that at the detention hearing the court shall determine:
(1) The existence of probable cause to believe the child has committed a delinquent act. This issue shall be determined in a nonadversary proceeding. The court shall apply the standard of proof necessary for an arrest warrant and its finding may be based upon a sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
See P.R. v. Johnson, 541 So.2d 791 (Fla. 4th DCA1989); R.B.S. v. Capri, 384 So.2d 692 (Fla. 3d DCA1980); see also Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Moss v. Weaver, 525 F.2d 1258 (5th Cir.1976).
Here, no judicial determination of probable cause was made. Accordingly, based upon our examination of the record and the state’s confession of error, we grant the writ of habeas corpus sought. The juvenile is hereby discharged from home detention but otherwise remains subject to the jurisdiction of the court and subject to subsequent orders. The case is remanded for reconsideration of the determination of probable cause in accordance with Rules 8.010 and 8.013.