714 So.2d 1170 (1998)
A.M.W., a child, Petitioner,
v.
Gary PORTESY, etc., Respondent.
No. 98-02051.
District Court of Appeal of Florida, Second District.
July 29, 1998.
*1171 Julianne M. Holt, Public Defender, and Amy De Aguero-Dinka, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
A.M.W., a juvenile, filed a petition for writ of habeas corpus challenging his placement in secure detention for a second twenty-one-day period prior to an adjudicatory hearing. After determining that A.M.W. was entitled to relief, this court granted the petition by unpublished order and we now issue this opinion to explain our reasons for doing so.
A.M.W. was arrested on a charge of strong-arm robbery on February 9, 1998. After a detention hearing, the trial court ordered A.M.W. placed in secure detention, where he remained for the full twenty-one days authorized by section 985.215(5)(b), Florida Statutes (1997). Thereafter, an arraignment hearing was scheduled for May 7, 1998. A.M.W. was never notified of this arraignment date, and, not surprisingly, he failed to appear. Because of his failure to appear, the trial court issued a pick-up order pursuant to which A.M.W. was eventually taken into custody. A detention hearing was conducted and the trial court, once again, ordered A.M.W. to be placed in secure detention for twenty-one days. In his petition for writ of habeas corpus, A.M.W. challenges this second twenty-one-day detention as well as the trial court's issuance of the pick-up order. The State concedes error.
We first address the issuance of the pick-up order, which is the term commonly used in juvenile proceedings to describe the orders to take into custody that are authorized by section 985.207, Florida Statutes (1997). The unauthorized issuance of such orders has been a recurring problem addressed in many of the juvenile habeas corpus petitions recently brought before this court. A.M.W. argues that, in this case, the trial court had no authority to issue a pick-up order for his failure to appear. He is correct. Section 985.207(1)(c), Florida Statutes (1997), provides that a juvenile may be taken into custody for failing to appear after being properly noticed. It is undisputed that the summons issued for A.M.W.'s arraignment hearing was returned unserved and, consequently, he never received proper notice. Therefore, the pick-up order issued in this case was unauthorized. Nevertheless, even if the pick-up order had been authorized under section 985.207, the trial court was without authority to order the continued detention of A.M.W.
The law is well-settled that a failure to appear, by itself, cannot support placement in detention. See, e.g., S.J. v. State, 596 So.2d 1181 (Fla. 5th DCA 1992); W.N. v. Fryer, 572 So.2d 24 (Fla. 4th DCA 1990). Apparently recognizing this, the Department of Juvenile Justice used the strong-arm robbery charge as the current offense in scoring the Risk Assessment Instrument (RAI) it used to justify A.M.W.'s second twenty-one day detention. The error in this approach is that A.M.W. had already been detained on this charge. Once a juvenile has been detained, that juvenile cannot be placed back into detention on the same charge prior to an adjudicatory hearing on that charge. To allow a trial court to order a successive twenty-one-day detention in this manner would ignore the established principle that a juvenile cannot be detained for longer than twenty-one days on the same offense. See, e.g., T.O. v. Alachua Regional Juvenile Detention Center, 668 So.2d 243, 245 (Fla. 1st DCA), aff'd, 684 So.2d 814 (Fla.1996); L.J. v. Fryer, 565 So.2d 713, 714 (Fla. 4th DCA 1990).
Because the second detention of A.M.W. was unauthorized, A.M.W. was entitled to immediate relief, which was granted by prior order of this court.
FULMER, A.C.J., and GREEN and CASANUEVA, JJ., concur.