MONACO, J.
The child, K.I., petitioned for a writ of habeas corpus seeking her release from secure detention. Because of the time sensitivity of this case, and because . we agreed that habeas corpus relief was appropriate, we have earlier issued the writ. We now write to explain our determination.
Reduced to their essence, the facts are that K.I. was arrested in 2005 for possession of a counterfeit license tag, a third degree felony, and for giving false identification to a law enforcement officer, a misdemeanor. When she failed to appear for a court proceeding, the trial court issued a pick-up order in May of 2006. She was taken into custody pursuant to the order on August 10, 2006.
The Department of Juvenile Justice prepared a risk assessment instrument prior to K.I.’s detention hearing. The assessment reflected a score of zero points, and the representative from the Department advised the trial court that while K.I. was eligible for 5 days of secure detention for contempt of court, she was ineligible for 21 days secure detention. Despite that advice, and despite the objection of counsel for K.I., the court sentenced her to 5 days in the juvenile detention center to be followed by 21 days of secure detention. The written reason given by the court in the detention order was that the “child admitted to giving false name and failed to appear at arraignment.” Because we conclude that the 21 days of secure detention contravenes the statute governing secure detention, we have issued the writ[1].
Habeas corpus is the proper remedy when a juvenile is being illegally detained in violation of the risk assessment requirements and the detention statute. See, e.g., A.S. v. Byrd, 777 So.2d 1171 (Fla. 4th DCA 2001). Secure detention is governed by section 985.215, Florida Statutes (2005). •
Section 985.213(1) describes the circumstances when a child may be placed in secure detention, including when there is a substantial risk of not appearing at a subsequent hearing, and when the child has committed a contempt of court. Subsection (2)(a) of the statute provides, however, that with certain exceptions not applicable to the present case, all determinations concerning the placement of a child in secure detention “shall comply with all requirements and criteria provided in this part and shall be based on a risk assessment of the child.”
A child, must score 12 or more points before being eligible for secure detention. If the trial court wishes to place the child in a more restrictive level than that indicated by the risk assessment instrument, *1183 the court must state in writing the clear and convincing reasons for the more restrictive “departure” placement. See § 985.215(2), Fla. Stat. (2005).
There are essentially three statutory provisions that govern the issue of whether K.I. should have been subjected to secure detention, all of which are contained within subsection 985.215(2). They read in pertinent part as follows:
(2) Subject to the provisions of subsection (1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court if:
[[Image here]]
(g) The child is charged with any second degree or third degree felony involving a violation of chapter 893 or any third degree felony that is not also a crime of violence, and the child:
1. Has a record of failure to appear at court hearings after being properly notified in accordance with the Rules of Juvenile Procedure;
[[Image here]]
(i) The child is detained on a judicial order for failure to appear and has previously willfully failed to appear, after proper notice, for an adjudicatory hearing on the same case regardless of the results of the risk assessment instrument.
[[Image here]]
(j) The child is detained on a judicial order for failure to appear and has previously failed to appear, after proper notice, at two or more court hearings of any nature on the same case regardless of the results of the risk assessment instrument. (Emphasis added)
The transcript reveals that the trial court concluded that it could place K.I. in secure detention under paragraph (g) because K.I. was charged with a non-violent third degree felony, and had a “record” of failing to appear. The problem in this case, however, is that there was no previous record of failing to appear. A “record” of failing to appear clearly implies at least one prior episode. There was, in fact, a notation of a purported failure of K.I. to appear in an earlier case, but the trial judge properly recognized that K.I. had been placed in a diversion program, and was, therefore, not required to make an additional court appearance. As the only failure to appear applicable to K.I. was the very one for which she was before the court, paragraph (g) did not apply.
Paragraphs (i) and (j) are similarly inapplicable. Each provision requires at least one prior failure to appear in varying circumstances before the trial court can depart from the requirements of the risk assessment instrument. Indeed, the State candidly acknowledges that K.I. could not properly be placed in secure detention on the basis of this single failure to appear. See A.M.W. v. Portesy, 714 So.2d 1170 (Fla. 2d DCA 1998).
The State argues, however, that because K.I. is charged with giving a false name to the police officer who arrested her, secure detention is warranted when the false statement is coupled with the failure to appear. There is no citation of authority provided to us by the State that would support this proposition, and we are not pointed to any statutory provision that would authorize secure detention in these circumstances. As the power to place a juvenile in secure detention is entirely statutory in basis, and as our review of the reasons given for departure is de novo, we conclude that the reasons given by the trial court are not founded in the statute, and fall far short of being clear and convincing. See J.J. v. Fryer, 765 So.2d 260, *1184 265 (Fla. 4th DCA 2000); S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996).
Accordingly, we have issued the writ of habeas corpus.
WRIT ISSUED.
GRIFFIN and EVANDER, JJ., concur.

. K.I. does not contest the contempt order.