951 So.2d 989 (2007)
A.K., a juvenile, Petitioner,
v.
Dale DOBULER, Superintendent Miami-Dade Regional Juvenile Detention Center, and The State of Florida, Respondent.
No. 3D07-394.
District Court of Appeal of Florida, Third District.
March 14, 2007.
*990 Bennett H. Brummer, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for petitioner.
Bill McCollum, Attorney General, and William J. Selinger, Assistant Attorney General, for respondent.
Before RAMIREZ and LAGOA, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
A.K., a juvenile and dependent child, petitioned for a writ of habeas corpus seeking his release from secure detention. Due to time sensitivities and because we agreed that habeas corpus relief was appropriate, we earlier issued the writ. We now issue this opinion to explain our earlier decision and give some guidance to the juvenile bench and bar regarding the secure detention of a juvenile after the trial court quashes a pick-up order for failure to appear.
In December 2005, A.K. was arrested and charged with grand theft, a third degree felony, based on a shoplifting incident that occurred shortly after his eleventh birthday. Grand theft is one of the non-violent third degree felonies that is not scorable on the Detention Risk Assessment Instrument, unless one or more of the five enumerated factors is present. At the time of A.K.'s arrest, none of the enumerated factors was present, thus he was not detained. A.K.'s first court appearance was on March 2, 2006.
A.K. was sent to JASS/JASP (Juvenile Alternative Sanctions System/Juvenile Alternative Services Program). He failed to complete the program, so the matter was set for trial on September 1, 2006. On September 1st, A.K. appeared in court, but the trial court continued the trial to September 27, 2006. A.K. appeared in court on September 27th. He rejected the State's plea offer, and the trial was reset for November 29, 2006.
On November 29th, A.K.'s case worker informed the court that A.K. "took off" around November 1st. A pick-up order was issued, with the notation, "Do Not Release." A.K. was taken into custody on the pick-up order on February 6, 2007. On February 7, 2007, the pick-up order was quashed. Detention was extended. The trial was set for February 27, 2007, at 9:30 a.m. On February 14, 2007, defense counsel moved for custody release, contending that there was no statutory authority to continue to detain A.K. This motion was denied. The trial judge in this case stated that he would not release A.K. because A.K. had been on pick-up order status from November 29, 2006 until February 7, 2007; that it was unlikely that A.K. would appear for trial if he was released; and that there was no Department of Children and Families (DCF) case manager in the courtroom. A.K. then petitioned *991 this Court for a writ of habeas corpus to release him from secure detention, and we issued the writ. A.K.'s trial is set for February 27, 2007. Had we not issued the writ, A.K. would have been in secure detention for twenty-one days after he was taken into custody on the pick-up order.
In Florida, the detention of juveniles is governed completely by statute. R.G. v. State, 817 So.2d 1019, 1020 (Fla. 3d DCA 2002). Section 985.101, Florida Statutes (2007) provides that if a child fails to appear at a court hearing, the trial court is authorized to issue an order, known as a "pick-up" order, to take the child into custody. As permitted by section 985.115(2)(f), children in Miami-Dade County are customarily brought to the Juvenile Assessment Center (JAC).
In the case before us, a pick-up order was issued after A.K.'s DCF case manager reported that A.K. had "taken off." A.K. was then arrested based upon this order on February 6, 2007. A.K. was taken to the Miami-Dade Detention Center, instead of the JAC, most likely due to the "Do Not Release" notation on the order.
Florida Statutes, section 985.255(1) provides, in pertinent part, that:
(1) Subject to s. 985.25(1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court if:
. . .
i) The child is detained on a judicial order for failure to appear and has previously willfully failed to appear, after proper notice, for an adjudicatory hearing on the same case regardless of the results of the risk assessment instrument. A child may be held in secure detention for up to 72 hours in advance of the next scheduled court hearing pursuant to this paragraph. . . .
(emphasis supplied). Thus, when he quashed the pick-up order, the trial court had the discretion to release A.K. immediately or to order A.K. held for up to 72 hours in advance of the next scheduled court hearing, which was scheduled for February 27, 2007. According to the comments made by the trial court judge, A.K. was held in secure detention because: 1) he ran away for two months; 2) the trial judge believed that it was unlikely that A.K. would appear for trial if he was released; and 3) A.K.'s DCF case manager did not appear at the hearing on the motion for custody release. There is no support under Florida law for continuing to detain a child in secure detention for the reasons the trial judge gave.
Section 985.24(1)(a), Florida Statutes, does provide that a finding that a child presents "a substantial risk of not appearing at a subsequent hearing" is a legitimate basis for determining that secure detention should be ordered. However, in order for the judge to rely on this factor, it must be a situation when secure detention is authorized by law. Under current Florida law, the only time a child with failures to appear can be ordered to secure detention for longer than 72 hours is when a contempt proceeding is held according to section 985.037, Florida Statutes (2007). Section 985.037 requires the necessary due process protections before the child can be found in contempt of court, such as the issuance of an order to show cause and a hearing at which the child is before the trial court and can confront and present witnesses. See § 985.037(4)(b), Fla.Stat. (2007). Here, none of these requirements were followed.
Accordingly, there was no basis under Florida law for holding A.K. in secure detention for twenty-one days under the *992 facts of this case. Accordingly, we hold that a failure to appear, standing alone, does not support placement in secure detention for twenty-one days. See R.B. v. Dobuler, 3D07-211 (Jan. 26, 2007) (the trial court ordered the child held in secure detention for twenty-one days after the pick-up order was quashed, the State conceded error, and the petition for writ of habeas corpus was granted); S.J. v. State, 596 So.2d 1181 (Fla. 5th DCA 1992); W.N. v. Fryer, 572 So.2d 24 (Fla. 4th DCA 1990). See also § 985.255(1)(j), Fla. Stat. (2007).
For the foregoing reasons, we granted A.K.'s petition for writ of habeas corpus and ordered his immediate release. We are hopeful that with this opinion, the juvenile bench and bar will have the appropriate guidance it needs to handle the issue raised in this case.