COPE, Judge.
The State appeals dispositional orders in four juvenile delinquency eases which have been consolidated for purposes of appeal. We dismiss the appeals for want of jurisdiction, and deny the State’s alternative petitions for writs of certiorari or mandamus.
The State has appealed the disposition orders entered in the juvenile delinquency proceedings against N.R., S.M., F.G., and A.D. In each case the trial court withheld adjudication of delinquency. In State v. N.R., the trial court issued a judicial warning. In State v. S.M., State v. F.G., and State v. A.D., the juveniles were placed in community control.
The threshold question is whether there is a jurisdictional basis for the State’s notices of appeal. The State contends that its appeals are authorized under subparagraph 39.-069(l)(b)(5), Florida Statutes (1991), which allows a State appeal of a “disposition, on the ground that it is illegal....”
The dispositions imposed by the trial court in these four cases were the withholding of adjudication of delinquency, the imposition of a judicial warning in one case, and the entry of community control orders in the other three cases. These are all dispositions which *582 are authorized by law and are within the power of the court to impose. The State does not contend otherwise.
The State argues, however, that the trial court committed legal error in the procedure leading up to the imposition of the disposition orders. Specifically, the State contends that section 39.052(3), Florida Statutes (Supp.1992) requires the trial court to. order a predisposition report in every case. The State contends that in each of these four cases, the court should have deferred ruling pending receipt of the predisposition report, and should have scheduled a later disposition hearing in order to dispose of the case. See id. § 39.052(3).
The trial court disagreed with the State’s interpretation of the statute. The trial court interpreted the statute as making the predisposition report discretionary, with an exception not applicable here.[1] The court proceeded to enter disposition orders without a predisposition report.[2]
We conclude that the orders under review are not appealable by the State as *583 illegal dispositions. In its most widely accepted meaning, an “illegal disposition” is a disposition which is beyond the statutory authority of the court to impose. See Infante v. State, 197 So.2d 542 (Fla. 3d DCA 1967).[3] The classic illustration is a disposition which exceeds the maximum penalty authorized by law. For example, when a court commits an adjudicated delinquent child to the Department of Health and Rehabilitative Services pursuant to section 39.054, Florida Statutes (Supp.1992), the commitment must be for an indeterminate period of time until the child reaches the age of nineteen, unless sooner discharged from custody. Id. §§ 39.-054(l)(c), (4).[4] An order committing the child to the custody of the Department until he or she reaches the age of twenty-five would be a commitment exceeding the maximum term permitted by statute and would be illegal.
In the present cases, the trial court withheld adjudication of delinquency, placed three of the juveniles on community control, and administered one judicial warning. All of these dispositions are within the authority of the trial judge under chapter 39. The claim of procedural error leading up to the entry of the disposition orders does not render the dispositions “illegal” for purposes of a State appeal under subparagraph 39.-069(l)(b)(5), Florida Statutes (1991).
The State contends that this court reached a contrary conclusion in I.T. v. State, 614 So.2d 582 (Fla. 3d DCA 1993). We disagree. In I.T. the State specifically challenged the disposition as being illegal.[5] There, the trial court had placed an adjudicated delinquent in community control without including a penalty component in the disposition order. Under chapter 39, “[a] community control program for an adjudicated delinquent child must include a penalty component....” Section 39.054(l)(a), Fla.Stat. (Supp.1992) (emphasis added). As to that issue, the disposition order in I.T. was an illegal disposition and the appeal was properly entertained on that basis. I.T. did not resolve the jurisdictional question now before us. Because the disposition orders in the instant cases are not appealable at the instance of the State, we dismiss the appeals.
Alternatively, the State petitions for writs of certiorari or mandamus. Because final disposition orders have been entered, we conclude that certiorari review is foreclosed by State v. Pettis, 520 So.2d 250, 253 (Fla.1988); see also Weir v. State, 591 So.2d 593 (Fla.1991). The sáme considerations preclude mandamus. See Johnson v. Florida Parole & Probation Comm’n, 543 So.2d 875, 876 (Fla. 4th DCA 1989).
Appeals dismissed; certiorari and mandamus denied.

. Although the merits of the issue cannot be reached on this appeal, in another case now pending in this court, Judge Petersen entered a written order which states, in part:
The State argues that the statutory provision quoted below requires that the Court order a written "predisposition report” in each and every case in which a child has been found to have committed a delinquent act and that any disposition entered by the Court, such as a judicial warning or non-reporting probation in misdemeanor offenses, is a nullity:
39.052(3)(a) — At the disposition hearing, the Court shall consider a predisposition report regarding the suitability of the child for disposition other than by adjudication and commitment to the department. The predisposition report shall be the result of the multi-disciplin-ary assessment....
It is the position of this Court that this provision, particularly viewed in the context of our overburdened and understaffed delinquency system, is not intended to require such predisposition reports in each and every case filed, but rather only in those in which the Court contemplates a disposition which would include an adjudication and commitment to the Department. To interpret the provision otherwise would appear to this Court to be inconsistent with the legislative intent of Chapter 39.
The intent of the Legislature in enactment of the provisions of Chapter 39, particularly with respect to dispositional alternatives, is expressed at various points in the Chapter.
In Section 39.01(21) "Disposition hearing” is defined as "a hearing in which the Court determines the most appropriate dispositional services in the least restrictive available setting provided for under s. 39.052(3)....” (emphasis added). Prior to this 1990 revision section 39.01(21) had read simply "disposition hearing means a hearing provided for under s. 39.9(3), in delinquency cases ...”
And in the legislative intent provisions articulated in 39.002(3)(b), added to the statute in 1990, the policy of the state is set forth as "to develop and implement effective programs to prevent delinquency, to divert children from the traditional juvenile justice system, to intervene at an early stage of delinquency, and to provide critically needed alternatives to institutionalization and deep-end commitment.” (emphasis added).
This emphasis upon alternatives to adjudication and commitment to the department, which is the most restrictive outcome in a juvenile proceeding, is reiterated at a number of points in the 1990 Juvenile Justice Act, such as in section 39.047 which states that the intake process is to assure “that the child and family should receive the least intrusive service alternative throughout the judicial process."
[[Image here]]
There is much that is wrong with our juvenile delinquency system and those of us who work there are painfully aware of our shortcomings. We fail to provide intake conferences at all, let alone have the resources that would make possible the preparation of "mul-ti-disciplinary assessments” as is suggested in 39.052(3)(a). As a result of this lack, the predisposition reports that are generated are uninspired and unimaginative in most instances. We need to use our limited resources in cases in which they may have some impact and certainly not in trivial cases in which neither the Department of HRS or the Court see the need for such reports and when the obvious case outcome does not require either adjudication or commitment. To require otherwise would exalt form over substance to an extent that the Legislature did not contemplate in enacting the 1990 Juvenile Justice Act.
Order, March 16, 1993, State v. R.L., Appeal No. 93-599.

. In State v. A.D., the court ordered a predisposition report and scheduled a disposition hearing to consider it. On the date of the hearing, the Department of Health and Rehabilitative Services had not completed the report and requested more time. Because the juvenile was scheduled to move to another state to reside with a relative, the trial court denied the Department’s request for more time, allowed the parties to be heard, and entered a disposition order.
In the other three cases the court declined to order a predisposition report, accepted a plea of admission, and entered a disposition order.

. Under former Federal Rule of Criminal Procedure 35, "[a] sentence is illegal within the meaning of the rule if it is in excess of the statutory provision, or in some other way contrary to the applicable statute." 3 Charles A. Wright, Federal Practice & Procedure: Criminal 2d § 582, at 381 (1982) (footnotes omitted).
For a discussion of the term "illegal sentence” in the context of Florida Rule of Criminal Procedure 3.800(a), see Gartrell v. State, 609 So.2d 112 (Fla. 4th DCA 1992), review granted, 618 So.2d 1368 (Fla.1993); Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) (en banc), review denied, 613 So.2d 5 (Fla.1992).
In adult criminal practice, appeals from an illegal sentence are authorized by sections 924.06 and 924.07, Florida Statutes (1991), and Florida Rules of Appellate Procedure 9.140(b)(1)(D) and 9.140(c)(l)(I).

. A different period of commitment is authorized for commitments under section 39.058, Florida Statutes (Supp.1992), and section 39.059, Florida Statutes (Supp.1992).

. The State's appeal was consolidated with the juvenile’s appeal.