648 So.2d 825 (1995)
The STATE of Florida, Appellant,
v.
Jerry F. RILEY, Appellee.
No. 94-1210.
District Court of Appeal of Florida, Third District.
January 4, 1995.
Robert A. Butterworth, Atty. Gen., and Elliot B. Kula, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellee.
Before HUBBART, COPE and LEVY, JJ.
*826 COPE, Judge.
The State appeals a sentencing order in a criminal case. We dismiss the appeal for want of an appealable order.
Prior to the sentencing hearing for defendant Jerry F. Riley, the State filed a timely notice under the habitual offender statute. See § 775.084, Fla. Stat. (1993). At the sentencing hearing, the State requested that the trial court make findings determining that the defendant is a habitual offender. The trial court concluded that it was not necessary for the protection of the public to sentence defendant as a habitual offender. See id. § 775.084(4)(c). The court instead sentenced the defendant under the sentencing guidelines. Since this was not a habitual offender disposition, the trial court refused to make any habitual offender findings. The State has appealed, contending that the case must be remanded for entry of habitual offender findings.
The trial court's refusal to make habitual offender findings on timely request by the State was error. Under recent judicial decisions, where there has been a habitual offender notice the trial court is obliged to make findings "whether the defendant has the requisite prior convictions to support habitualization." King v. State, 597 So.2d 309, 314 (Fla. 2d DCA) (en banc), review denied, 602 So.2d 942 (Fla. 1992), rationale adopted, McKnight v. State, 616 So.2d 31 (Fla. 1993), clarified, Geohagen v. State, 639 So.2d 611 (Fla. 1994). Once the findings have been made, the trial court may impose or withhold a habitual offender disposition in accordance with the discretion allowed under the habitual offender statute. King v. State, 597 So.2d at 314; accord McKnight v. State, 616 So.2d at 31; Geohagen v. State, 639 So.2d at 612.[1]
The threshold question in the present case is whether the sentencing order entered in this case is one which the State may appeal. Here, the trial court imposed a guidelines sentence, which is not a sentence the State may appeal. See § 924.07(1)(i), Fla. Stat. (1993).
The State argues that the absence of mandatory findings renders the sentence illegal. See id. § 924.07(1)(e). We disagree. The sentence imposed on defendant is one which is within statutory limits and is therefore a legal sentence. See State v. F.G., 630 So.2d 581, 583 (Fla. 3d DCA 1993), opinion adopted, State v. F.G., 638 So.2d 515 (Fla. 1994). The findings sought by the State would memorialize the fact that the defendant qualifies as a habitual offender, but the trial court has already made the decision to sentence defendant under the guidelines, not as a habitual offender. There is no basis for vacating the guidelines sentence, which is a legal and permissible one. See id.; § 924.07(1)(i), Fla. Stat. (1993).
The issue presented here is similar to that which occurred in State v. F.G. There, the trial court had omitted consideration of certain required predisposition reports, and the State appealed. The decision in that case was that "[t]he claim of procedural error leading up to the entry of the disposition orders does not render the dispositions "illegal" for purposes of a State appeal... ." 630 So.2d at 583.[2] The refusal to make habitual offender findings does not fall within any other category which may be the subject of a State appeal. See §§ 924.07, 924.071, Fla. Stat. (1993); see also State v. MacLeod, 600 So.2d 1096, 1097-98 (Fla. 1992).
We have also considered the possibility of treating the appeal as a petition for writ of mandamus or certiorari. It can be argued that although the absence of the required *827 findings does not render the sentence illegal, it does render the sentencing order incomplete. See State v. MacLeod, 600 So.2d at 1098 n. 1. For example, it has been held that where the trial court fails to impose a required mandatory minimum sentence, the State is entitled to a writ of mandamus. See D'Alessandro v. Shearer, 360 So.2d 774, 775 (Fla. 1978); Reno v. Baker, 364 So.2d 538 (Fla. 3d DCA 1978). Similarly, where a trial court imposed a restitution requirement but failed to set the amount, the State was entitled to a writ of certiorari. State v. Sanderson, 625 So.2d 471, 472-73 (Fla. 1993).
In the exercise of discretion, we decline to issue a writ of mandamus or certiorari. In the cases just cited, an extraordinary writ issued which had a tangible, practical effect on the rights of the parties. In D'Alessandro v. Shearer and Reno v. Baker, the effect was to impose statutorily required mandatory minimum sentences. In State v. Sanderson, the effect was to require an adjudication of the amount of restitution owed the victim.
In the present case, by contrast, it does not appear that there would be any effect on the substantial rights of the parties if we were to issue a writ of mandamus requiring the trial court to make the habitual offender findings. The defendant has already been sentenced. There is no legal basis for vacating his sentence and ordering a resentencing. The judges of the criminal division of the circuit court are already laboring under a heavy workload. Since no discernible benefit would flow from requiring the habitual offender findings in this instance, we decline to issue a writ of mandamus or certiorari.
Appeal dismissed; mandamus and certiorari denied.
NOTES
[1] If the court decides not to impose a habitual offender sentence, the court is not required to make an additional finding that it is not necessary for the protection of the public to impose sentence under the habitual offender statute. As stated by the Florida Supreme Court:

We did not intend nor do we read King to require a specific finding that an enhanced sentence is not necessary for the protection of the public. By virtue of sentencing a habitual offender to a more lenient sentence than that required by section 775.04, Florida Statutes (1991), the judge has necessarily decided that a habitual offender sentence is not necessary.
Geohagen v. State, 639 So.2d at 612.
[2] The statutory language at issue in F.G. providing the State the right to appeal an illegal sentence was substantially identical to the statutory provision at issue here. See 630 So.2d at 583 n. 3; § 924.07(1)(e), Fla. Stat. (1993).