PER CURIAM.
Respondent, G.S. (“respondent”), appeals his enhanced conviction and sentence of third-degree felony battery on a detention or commitment facility staff member in violation of Section 784.075, Florida Statutes (1998). We reverse, finding the charge of simple battery should not have been enhanced to a third-degree felony because the victims were not employees of a facility listed in Section 784.075.
The respondent was removed from his home by the Department of Children and Families (“DCF”) and was placed in the Florida Keys Children Shelter (“FKCS”). The respondent admitted that he committed a battery on two FKCS staff members while residing in the FKCS facility. Based on this admission, the trial court enhanced the respondent’s conviction from a misdemeanor simple battery to a third-degree felony pursuant to Section 784.075. Section 784.075 states:
Battery on detention or commitment facility staff.
— A person who commits a battery on an intake counselor or case manager, as *1230 defined in s. 984.02(31) or s. 985.03(30), on other staff of a detention center or facility as defined in s. 984.03(19), or on a staff member of a commitment facility as defined in s. 985.03(45), commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. For purposes of this section, a staff member of the facilities listed includes persons employed by the Department of Juvenile Justice, persons employed at facilities licensed by the Department of Juvenile Justice, and persons employed at facilities operated under a contract with the Department of Juvenile Justice.
§ 784.075, Fla. Stat. (1998).
The respondent appeals his conviction and sentence asserting that FKCS is not a facility listed in Section 784.075 and, therefore, the trial court erred in enhancing the misdemeanor simple battery to a third-degree felony. The state contends that the enhancement was proper because FKCS operates under a contract with the Department of Juvenile Justice and, therefore, FKCS falls within the purview of Section 784.075. -
Penal statutes are to be strictly construed. See § 775.021, Fla. Stat. (1998); McLaughlin v. State, 721 So.2d 1170 (Fla.1998). FKCS is a shelter. The statute’s title makes it clear that the statute only pertains to batteries committed on detention or commitment facility staff. A shelter, even if operating under a contract with the Department of Juvenile Justice, is not one of the listed facilities stated in Section 784.075. Accordingly, we reverse finding the battery that occurred did not fall within one of the specific facilities as defined in the statute. See § 775.021, Fla. Stat. (1998).
Reversed and remanded with directions to reduce the respondent’s conviction to simple battery and sentence the respondent accordingly.