766 So.2d 425 (2000)
STATE of Florida, Appellant,
v.
Rudolph Van YOUNG, Appellee.
No. 1D99-3979.
District Court of Appeal of Florida, First District.
August 25, 2000.
*426 Robert A. Butterworth, Attorney General, and Karen M. Holland, Assistant Attorney General, Tallahassee, for appellant.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellee.
PER CURIAM.
In this appeal, the state argues that the trial court erred by not sentencing the defendant as a prison releasee reoffender (PRR) after the state requested that the defendant be sentenced as such and the trial court found that the defendant qualified for PRR sanctions. We agree with the state and reverse for resentencing on the defendant's convictions for burglary of an unoccupied dwelling. We affirm in all other respects.
Following the entry of a nolo contendere plea to all charges, the defendant was convicted of two counts of burglary of an unoccupied dwelling, one count of battery on a law enforcement officer, one count of resisting an officer without violence, one count of possession of cocaine, and one count of possession of drug paraphernalia. At sentencing, the state asked that the defendant be sentenced as a prison releasee reoffender on the burglary counts and introduced evidence which demonstrated that the defendant qualified for PRR sentencing on those counts. Defense counsel requested that the defendant not be sentenced as a prison releasee reoffender, arguing that "other extenuating circumstances" existed in accordance with section 775.082(8)(d)1.d., Florida Statutes (1997), which militated against imposing PRR sanctions in this case. The defense presented testimony from both appellant and appellant's mother supporting the existence of the claimed "other extenuating circumstances." In response, the state argued that the defense could not rely on the referenced statutory provision in asking for mercy since the referenced provision only applied to the prosecuting attorney's decision as to whether to seek PRR sanctions in a particular case.
The trial court found that the defendant did qualify for sentencing as a prison releasee reoffender, but ruled that "other extenuating circumstances" existed which the court believed precluded imposition of a PRR sentence on the defendant at that time. The defendant was then sentenced on all counts with the sentences on the burglary counts not being in accordance with the PRR statute.
In State v. Cotton, 769 So.2d 345 (Fla.2000), the supreme court agreed with this court's interpretation of the PRR statute in Woods v. State, 740 So.2d 20 (Fla. *427 1st DCA 1999), and held that the discretion to determine whether "other extenuating circumstances" existed in a particular case which precluded imposition of PRR sanctions on an otherwise qualifying defendant belonged to the prosecutor and not to the trial court. See Cotton, 769 So.2d at 348-56. The trial court in the instant case, therefore, erred in not sentencing the defendant as a prison releasee reoffender on the burglary counts after finding that the defendant otherwise qualified for such sentencing.
The defendant's argument for dismissal of this appeal is without merit. The state has the right to appeal an order in a criminal case "imposing an unlawful or illegal sentence." Fla. R.App. P. 9.140(c)(1)(J)(2000). The supreme court in Cotton recognized that the Prison Releasee Reoffender Act establishes a mandatory minimum sentencing scheme. See Cotton, 769 So.2d at 354. "Where, as here, the trial court imposes a sentence which is shorter than a required mandatory minimum sentence, the sentence is not within the limits prescribed by law and is properly viewed as an `illegal' sentence." State v. R.F., 648 So.2d 293, 294 n. 1 (Fla. 3d DCA 1995).
We reverse the defendant's sentences for his convictions for burglary of an unoccupied dwelling and remand for resentencing on those counts in accordance with the supreme court's decision in Cotton. In remanding for resentencing on these counts, we follow binding precedent on the issue of whether a conviction for burglary of an unoccupied dwelling statutorily qualifies for PRR sentencing. See Foresta v. State, 751 So.2d 738 (Fla. 1st DCA 2000), rev. granted, 767 So.2d 456 (Fla. May 23, 2000). We note that our precedent on this point conflicts with the en banc decision of the fourth district in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), rev. granted, 761 So.2d 332 (Fla. Mar. 20, 2000). We affirm in all other respects.
BOOTH and BENTON, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.