DAVIS, Judge.
K.T.E., a juvenile, filed an emergency petition for writ of habeas corpus seeking immediate release from secure detention. By prior unpublished order, we granted the petition and ordered that K.T.E. be immediately released from secure detention. This opinion now follows.
K.T.E. was charged with grand theft of a motor vehicle, burglary of a conveyance, resisting officers without violence, and battery. On September 26, 2005, the trial court ordered that K.T.E. be placed on *769 home detention. At an October 5, 2005, pretrial conference, the trial court heard testimony regarding an alleged violation of the rules of home detention. The Department of Juvenile Justice had filed a request for a detention screening, alleging that K.T.E. had willfully violated the rules of home detention on October 4, 2005. However, there is nothing in the record to evidence that K.T.E. or his attorney had prior notice of the State’s intention to seek a return to secure detention at the pretrial conference hearing. The testimony, in fact, indicates that the request came as a surprise.
The trial court determined that K.T.E. had violated the rules of home detention by failing to object when his mother drove by the site of the initial incident while driving K.T.E. home from a conference with his attorney.[1] The trial court ordered that K.T.E. be held in secure detention for five days.
In his petition, K.T.E. argued that he was illegally detained because the trial court had no basis to transfer him from home detention to secure detention. K.T.E. cited section 985.215(8), Florida Statutes (2004), for the proposition that a juvenile may be transferred from home detention to secure detention only if significantly changed circumstances warrant the transfer. K.T.E. maintained that his alleged violation did not warrant such a transfer. We agree with K.T.E. that the trial court failed to comply with section 985.215.
When imposing the five-day hold, the trial court failed to make a specific finding that K.T.E.’s violation of the rules of home detention amounted to a significant change of circumstances pursuant to section 985.215(8). The trial court did not specify any basis for the five-day hold other than the fact that the rules of home detention required K.T.E. to remain at home or at some other approved location and that the side trip on the way home from the attorney’s office was a violation of these rules.
Not only did the trial court fail to make a specific finding as to a significant change of circumstances, the record reveals that there was no competent evidence of record to support such a finding. JLT.E.’s mother testified that the trip to the site of the incident was her idea. She advised K-T.E.’s attorney of her intentions to go to the site and take pictures. The attorney confirmed the mother’s statement, although the attorney did not understand that the visit would be on the way home from the attorney’s office. KT.E.’s mother testified that she was not aware that this would be a violation of the rules and that she, not K.T.E., was responsible for any violation. The trial court determined that it was KT.E.’s responsibility to object to the visit and that his failure to do so made him responsible for the violation.
Even’ if we were to conclude that this evidence was sufficient to support the trial court’s transfer of K.T.E. from home detention to secure detention, it is not clear that the trial court was doing so pursuant to section 985.215(8). If the trial court was satisfied that the circumstances of home detention were significantly changed such that home detention was not a viable option, it would seem that the trial court would have returned K.T.E. to secure detention until the adjudicatory hearing and disposition. There was no testimony that the changed circumstances were *770 temporary or that things would be different in five days.
Finally, while it is possible that the trial court believed that it was operating under section 985.216, which allows courts to punish juveniles for indirect criminal contempt, that also appears unlikely because the trial court neither followed the due process requirements for a contempt hearing nor made a finding of contempt. See § 985.216(4). It is therefore unclear which statute the trial court intended to apply when it issued the five-day detention order.
Because the power to place juveniles charged with or found to have committed delinquent acts in secure detention is entirely statutory, D.G. v. Miles, 872 So.2d 343, 344 (Fla. 2d DCA 2004), and strict compliance with the statute is necessary, W.C. v. Smith, 898 So.2d 1137, 1138 (Fla. 1st DCA 2005), the trial court’s failure to strictly comply with either the contempt statute, section 985.216, or the secure detention statute, section 985.215(8), led this court to grant KT.E.’s petition for writ of habeas corpus and order his immediate release.
CANADY and WALLACE, JJ., Concur.

. The testimony indicated that the mother actually drove into the driveway of the personal home of the detective who investigated the initial incident. The detective testified that his residence is about one-quarter of a mile from the scene of the alleged incident.