PER CURIAM.
L.L.P., a child, appeals her adjudication of delinquency for the third-degree felony offense of battery on a juvenile detention or commitment facility staff member.[1]
At trial, the victim testified that she worked for First Step Adolescent Services in Orange County, Florida, on the “ruby side” and was passing out cookies to all the children there. A tussle with L.L.P. ensued, during which L.L.P. struck the victim and threw cookies at her. After the State rested, defense counsel moved for a judgment of acquittal, arguing that the State failed to prove the victim was a staff member of a detention or commitment facility, which is essential to the enhanced battery offense. The State offered to recall the victim to supply this missing evidence, but the trial court instead denied the motion, observing that it was clear *106 from the evidence that the victim worked at “some facility.”
L.L.P. was correct that the evidence was deficient. The State urges that the trial court should have allowed the fact-finder to “infer” what the facility was from the evidence, but the evidence was minimal, and it plainly is inadequate to prove that the victim and defendant were in a detention or commitment facility. The trial court may have known what the facility was, but it was nevertheless not part of the State’s proof. See G.S. v. State, 761 So.2d 1229 (Fla. 3d DCA 2000). Accordingly, we reverse and remand with instructions to reduce the conviction to simple battery.
REVERSED and REMANDED.
GRIFFIN, THOMPSON and MONACO, JJ., concur.

. Section 784.07, Fla. Stat. (2004).