PER CURIAM.
The trial court found J.D. guilty of battery on a detention or commitment facility staff member, in violation of section 784.075, Florida Statutes (2003), and adjudicated the child delinquent. In this appeal, J.D. argues the trial court erred in denying his motion for judgment of acquittal,[1] insisting the evidence was insufficient to demonstrate the victim of the crime was a “staff member” within the meaning of the statute. We find merit in J.D.’s argument.
Here, the evidence before the trial court was that J.D. punched the victim in the chin at the Thompson Academy while J.D. was an inmate there. The victim, Charles Bush, testified that he was employed by Psychotherapeutic Services at Thompson Academy and that the battery occurred while he was trying to help restrain J.D. Bush stated that his paychecks came from Psychotherapeutic Services and that “to [his] knowledge,” Psychotherapeutic Services was “a private agency that contracted with the state.”
J.D. was charged with violating section 784.075, which provides:
A person who commits a battery on a juvenile probation officer, as defined in s. 984.03 or s. 985.03, on other staff of a detention center or facility as defined in s. 984.03(19) or s. 985.03(19), or on a staff member of a commitment facility as defined in section 985.03(45), commits a felony of the third degree.... For purposes of this section, a staff member of the facilities listed includes persons employed by the Department of Juvenile Justice, persons employed at facilities licensed by the Department of Juvenile Justice, and persons employed at facilities operated under a contract with the Department of Juvenile Justice.
When read as a whole, the statute’s language compels the conclusion that in the absence of evidence that the victim was employed by the DJJ, employed at a facility licensed by the DJJ, or employed at a facility operated under a contract with the DJJ, J.D.’s conviction cannot stand. The State presented no such evidence here.[2] *211 Moreover, under the rule of lenity, see section 775.021(1), Florida Statutes, any ambiguity must be resolved in favor of J.D. We thus reverse J.D.’s conviction and remand with directions that the conviction be reduced to one for simple battery. See G.S. v. State, 761 So.2d 1229 (Fla. 3d DCA 2000).
STEVENSON, C.J., WARNER and HAZOURI, JJ., concur.

. We note that while J.D.'s counsel moved for a judgment of acquittal, in juvenile cases, it is appropriate to move for dismissal of the charges pursuant to Florida Rule of Juvenile Procedure 8.110(k).

. The evidence before the trial court could have likely sustained a conviction for viola *211 tion of section 784.076, Florida Statutes, which makes battery by a person "committed to or detained by the Department of Juvenile Justice” upon "a person who provides health services" a third degree felony. J.D., however, was never charged with this crime.