PER CURIAM.
S.M., a juvenile, petitions for a writ of habeas corpus seeking release from home detention pending a violation of probation hearing. We grant the petition, finding that section 985.255(l)(h), Florida Statutes (2011), does not permit home detention without a qualifying risk assessment score.
S.M. was arrested for a second degree felony. When brought before the court for a detention review hearing, the state did not have the requisite probable cause for the second degree felony but filed a petition charging S.M. with felony battery with a prior conviction. Because she did not have a prior conviction, but only a previous adjudication of delinquency withheld on misdemeanor battery charges, the court agreed that there was no probable cause for the felony battery, and it could not be scored on the risk assessment. Nevertheless, the state maintained that she had violated probation on the misdemeanor battery charges, and the prosecutor sought detention on the violation. The state asserted, however, that the score on the risk assessment instrument (RAI) should reflect zero points. Eventually all parties agreed to the zero points. The court placed S.M. on home detention. From this order, she has filed this petition for writ of habeas corpus contending that the court could not place her in home detention without a qualifying RAI score.
The detention of juveniles is governed entirely by statute and strict compliance is required. Z.B. v. Dep’t of Juvenile Justice, 938 So.2d 584, 585 (Fla. 1st DCA 2006). The court failed to follow the statutory procedures and in these circumstances could not order detention absent a qualifying RAI score. § 985.255(3)(a), Fla. *176 Stat. (“Unless a child is detained under paragraph (l)(d) or paragraph (l)(e), the court shall use the results of risk assessment performed by the juvenile probation officer and, based on the criteria in subsection (1), shall determine the need for continued detention.”); A.S. v. Byrd, 777 So.2d 1171, 1172-73 (Fla. 4th DCA 2001) (quashing a home detention order because no RAI was prepared). An RAI score of zero does not permit detention.
Section 985.255(l)(h) does not require mandatory home detention with electronic monitoring for all juveniles charged with violating probation. This section permits a court to continue detention required by the juvenile probation officer during intake. § 985.255(1), Fla. Stat. (2011) (“Subject to s. 985.25(1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court if ... ”). During intake, the juvenile probation officer may not require detention unless authorized by the RAI. § 985.25(l)(b), Fla. Stat. (2011). Thus, section 985.255(l)(h) presupposes the existence of a qualifying RAI score before a court may continue detention.
Because S.M.’s RAI score was zero, the court erred in placing her in home detention.

Petition granted.

WARNER, HAZOURI and LEVINE, JJ., concur.