PER CURIAM.
We previously granted this petition for writ of habeas corpus and ordered the juvenile immediately released from secure detention. This opinion follows to explain our reasoning.
The juvenile was arrested for burglary of a dwelling and grand theft offenses. It is undisputed that he does not score suffi- *1063 dent points on the risk assessment instrument for secure detention. At the initial detention hearing, the trial court ordered home detention for up to twenty-one days pending the adjudicatory hearing. See § 985.26(2), Fla. Stat. (2012).
A few days into the period of home detention, the mother reported that the juvenile had left her home without permission. The juvenile arrived at the father’s home that evening around the time he was to have returned from school. The following day, the father learned that, contrary to the juvenile’s statement, he had not gone to school. The father reported the violation. The juvenile probation officer filed an affidavit setting forth the violation.
The juvenile was taken into custody, and the trial court held a detention hearing. The State argued that the juvenile should be held in secure detention for the remainder of the twenty-one days. Defense counsel argued that there was no statutory authority for such action and that, pursuant to K.T.E. v. Lofthiem, 915 So.2d 767 (Fla. 2d DCA 2005), the court would have to commence an indirect contempt proceeding or find significantly changed circumstances before ordering transfer to secure detention. The trial court determined that it was not bound by K.T.E. and ordered the child held in secure detention until expiration of the twenty-one day period. The court did not indicate under what authority the child was being held and made no oral or written findings to support its determination. This petition followed.
First, we reject the State’s contention that the argument raised in this proceeding was not sufficiently preserved below. “The detention of juveniles is governed entirely by statute and strict compliance is required.” S.M. v. Dep’t of Juvenile Justice, 91 So.3d 175, 175 (Fla. 4th DCA 2012). The juvenile demonstrated an entitlement to immediate release in that secure detention was not authorized by the statute under the circumstances of this ease.
The juvenile detention statute does not authorize a court to order secure detention of a juvenile based merely on a violation of pre-adjudication home detention. See § 985.255, Fla. Stat. (2012) (setting forth detention criteria). Section 985.255(l)(a) pertains to a juvenile alleged to be an escapee from a residential commitment program, or alleged to be an absconder from a nonresidential program or post-adjudication community supervision. That section does not apply to the pre-adjudication home detention. Further, the court’s detention decision must be based on the results of a risk assessment instrument (“RAI”) and on the criteria of subsection (1). § 985.255(3)(a), Fla. Stat. (2012).
Accepting the State’s argument, as the trial court did, would allow a court to convert the remainder of the twenty-one day pre-adjudication detention period of section 985.26(2) to secure detention whenever a juvenile is alleged to have violated a condition of home detention. This is inconsistent with the statutory scheme.
At the hearing, the State correctly noted that section 985.24(l)(d) permits the use of secure detention in some circumstances to punish contempt of court. The court, however, did not initiate indirect contempt proceedings under section 985.037(4), Florida Statutes (2012). Further, a first contempt offense could be punished by up to five days in secure detention only. § 985.037(2), Fla. Stat. (2012).
We agree with K.T.E. that a court may initiate indirect contempt proceedings to punish a violation of a pre-adjudication home detention order. We disagree with K.T.E., however, that what is now section 985.265(1), Florida Statutes (2012), pro *1064 vides an independent basis for ordering secure detention as occurred here.
In K.T.E., and in subsequent published orders in K.D.R. v. Uliasz, 30 So.3d 502 (Fla. 2d DCA 2010), and C.H.M. v. Uliasz, 18 So.3d 536 (Fla. 2d DCA 2009), the Second District has indicated that a trial court can order secure detention by making written findings of “significantly changed circumstances.”
Section 985.265(1), Florida Statutes (2012), provides: “If a child is detained under this part, the depaHment may transfer the child from nonsecure or home detention care to secure detention care only if significantly changed circumstances warrant such transfer.” (Emphasis supplied). This provision constrains the department. It does not create an independent basis for a trial court to order secure detention. If a juvenile is transferred to secure detention under this provision, the court must conduct a detention hearing and comply with the requirements and criteria of section 985.255, Florida Statutes. The court may continue secure detention only if it complies with the detention statute and provides a basis for it.
The statutory scheme permits a juvenile who has violated home detention to be taken into custody by law enforcement. See § 985.101(l)(d), Fla. Stat. (2012). But secure detention is not thereafter authorized based solely on that violation unless the other statutory criteria are met. Id. (“Nothing in this subsection shall be construed to allow the detention of a child who does not meet the detention criteria in part V.”).
Here, the child did not score sufficient points on the RAI for secure detention, and the court did not provide clear and convincing written reasons for departing from the RAI. § 985.255(3)(b), Fla. Stat. (2012) (“If the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement.”).
Because the juvenile did not qualify for secure detention under the RAI, or state in writing other “clear and convincing” reasons, and the juvenile was not transferred to secure detention by the department, we grant the petition. We certify conflict with K.T.E. to the extent discussed in this opinion.

Petition granted.

WARNER, TAYLOR and LEVINE, JJ., concur.