NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

B.R., a child,                              )
                                            )
            Petitioner,                     )
                                            )
v.                                          )        Case No.  2D14-385
                                            )
STATE OF FLORIDA,                           )
                                            )
            Respondent.                     )
_____)

Opinion filed August 15, 2014.

Petition for Writ of Habeas Corpus to the
Circuit Court for Hillsborough County;
Manuel Lopez, Judge.

Julianne M. Holt, Public Defender, and
Kevin Z. Temaul, Assistant Public Defender,
Tampa, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Respondent.


DAVIS, Chief Judge.

            B.R., a juvenile, filed a petition for writ of habeas corpus seeking release

from the detention center where she was being held under a secure detention order.

We denied relief in a previous order and now write to explain our decision.

Following a January 13, 2014, adjudicatory hearing on two allegations of violation of probation, the trial court entered an order placing B.R. in secure detention pending a disposition hearing scheduled for January 28, 2014. B.R. was not in secure detention at the time of this adjudicatory hearing. On January 22, 2014, the court heard argument on the permissible length of detention following an adjudicatory hearing. B.R. maintained that she could only be held for seventy-two hours with a possible seventy-two-hour extension under section 985.26(5), Florida Statutes (2013). The State argued that under the plain language of section 985.26(3), B.R. could be detained for up to fifteen days. During that hearing, a representative from the Department of Juvenile Justice testified that B.R. had a history of absconding, failing to appear, and failing to comply with the court's previous orders. The representative explained that "[B.R.] told us the last time we were in court in August, that she promised to comply with your orders and she didn't . . . she just ran to Lakeland." The court found that B.R. presented a substantial risk of not appearing at her disposition hearing and that under section 985.26(3), she could be held in secure detention for fifteen days after her adjudicatory hearing.

B.R. filed an emergency petition for writ of habeas corpus on January 27, 2014, alleging that pursuant to section 985.26(5), her continued detention was illegal because she was not in secure detention at the time of the adjudicatory hearing. The State responded that under the plain language of section 985.26(3), B.R. could be held in secure detention for up to fifteen days. We agree.

"[T]he power to place juveniles charged with or found to have committed delinquent acts in secure detention is entirely statutory, and strict compliance with the

statute is necessary." <u>K.T.E. v. Lofthiem</u>, 915 So. 2d 767, 770 (Fla. 2d DCA 2005) (citation omitted). Additionally, "[r]elated statutory provisions must be read together to achieve a consistent whole, and . . . [w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." <u>Larimore v. State</u>, 2 So. 3d 101, 106 (Fla. 2008) (alterations in original) (quoting <u>Heart of Adoptions, Inc. v. J.A.</u>, 963 So. 2d 189, 199 (Fla. 2007)) (internal quotation marks omitted).

Section 985.24 provides that all detention care determinations must be based on certain findings enumerated in the statute and may not be based on other expressly prohibited findings. The enumerated legitimate finding applicable to B.R.'s case is that the juvenile "[p]resents a substantial risk of not appearing at a subsequent hearing." § 985.24(1)(a). Based on that finding, the relevant period at issue in the instant case is the time between B.R.'s adjudicatory hearing and her disposition. As such, the applicable statute is section 985.26(3), which provides in part that "a child may not be held in secure, nonsecure, or home detention care for more than [fifteen] days following the entry of an order of adjudication." Accordingly, the trial court did not err in concluding that B.R. could be held in secure detention for fifteen days following her adjudication.

Consequently, we reject B.R.'s contention that section 985.26(5) applies here solely because she was not in secure detention at the time of her adjudication. That section provides that

> [a] child who was not in secure detention at the time of the adjudicatory hearing, but for whom residential commitment is anticipated or recommended, may be placed under a special detention order for a period not to exceed [seventy-two]

hours, excluding weekends and legal holidays, for the purpose of conducting a comprehensive evaluation as provided in s. 985.185.

By its plain language, subsection (5) is a narrow exception to section subsection (3) that only applies when (1) the "child . . . was not in secure detention at the time of the adjudicatory hearing," (2) "residential commitment is anticipated or recommended" for the child, and (3) the detention is explicitly "for the purpose of conducting a comprehensive evaluation." § 985.26(5). While B.R. did allege that she was not in secure detention at the time of the adjudicatory hearing, she did not allege that residential commitment was anticipated or recommended or that the purpose of her detention was to conduct a comprehensive evaluation. And the instant record contains no indication of either of these circumstances.

Failing to meet all three of the criteria set forth in section 985.26(5) must therefore preclude its application over the more general provisions of section 985.26(3) in order to achieve a consistent result. See Larimore, 2 So. 3d at 106. For instance, under B.R.'s reading of the statute, if a juvenile with a risk assessment instrument (RAI) score of twelve points or higher is placed in secure detention but is subsequently released pending adjudication because an adjudicatory hearing did not take place within twenty-one days under section 985.26(2), then the juvenile could only be held in secure detention for seventy-two hours after the adjudicatory hearing under section 985.26(5), while a child with a similar RAI but whose adjudicatory hearing did commence within the proper timeframe could be held up to fifteen days simply because there was no preadjudicatory gap in his or her detention. We decline to adopt a reading of the statute that would lead to such an inconsistent result.

- 4 -

Accordingly, we clarify that when detention is already authorized based on a risk assessment of the child, section 985.26(5) does not act as a limit on the court's authority to place the juvenile into secure detention simply because he or she was not in secure detention at the time of the adjudicatory hearing. Instead, when residential commitment is anticipated or recommended, section 985.26(5) merely authorizes the court to place juveniles for whom secure detention might not otherwise have been authorized into secure detention while necessary evaluations for the court's ultimate disposition are conducted. But the court may order qualified juveniles into secure detention for up to fifteen days under section 985.26(3), even though the juvenile may not have actually been in secure detention at the time of the adjudicatory hearing.[1]

MORRIS and SLEET, JJ., Concur.

---

[1]We also note that B.R. failed to attach her RAI to her petition or allege that she did not qualify for secure detention. Normally, we would deny the petition without prejudice for B.R. to refile her petition with the RAI attached. See State v. S.M., 131 So. 3d 780, 785 (Fla. 2013). But the record clearly indicates that B.R. was not entitled to be released from all forms of detention. If her RAI showed a score of twelve or more points, then she qualified for secure detention, see J.L.T. v. Dep't of Juvenile Justice, 104 So. 3d 1257, 1258-59 (Fla. 2d DCA 2013), and because she violated her probation she qualified for home detention regardless of her RAI score, see § 985.255(1)(h); see also S.M., 131 So. 3d at 785. Therefore, although attaching the RAI may have shown that she did not qualify for a certain level of detention, that issue was not raised by B.R., and it is now moot in the instant case. However, we note that similar considerations in future cases may require an additional examination of the type of detention for which a juvenile qualifies if such an issue is properly alleged and not precluded by the record.