IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

Z.J., A CHILD,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

Case No.  5D17-2396
LT Case No. 2016-CJ-004891

Opinion filed August 2, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Jessica A. Travis, Jessica Travis, P.A,
Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General
Tallahassee, and, Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Respondent.

PER CURIAM.

      Z.J., a juvenile, petitions for a writ of habeas corpus, seeking immediate release from secure detention.  We grant the petition to the extent set forth in this opinion.

      Z.J. was arrested on July 6, 2017, and was ordered into secure detention the next day, following her entry of a no contest plea to the charge of grand theft of a motor vehicle, a third-degree felony.  The detention order provided, in part, that Z.J. be released in no later than 21 days, "unless an adjudicatory hearing has begun or a subsequent modification order is entered."  Five days later, the court ordered that the juvenile remain detained and set a "DISPOSITION/UFC" hearing for August 22, 2017.

In seeking habeas corpus relief, Z.J.'s sole argument is that she is being detained longer than the term authorized in section 985.26 of the Florida Statutes (2017), which reads, in part:

**985.26 Length of detention**

. . . .

(2) A child may not be held in secure or nonsecure detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court. However, upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case, the court may extend the length of detention for an additional 9 days if the child is charged with an offense that would be, if committed by an adult, a capital felony, a life felony, a felony of the first degree, or a felony of the second degree involving violence against any individual.

(3) Except as provided in subsection (2), a child may not be held in secure or nonsecure detention care for more than 15 days following the entry of an order of adjudication.

The State responds that the extension order was entered based on the agreement of both parties, after the court's finding that Z.J. was a flight risk. Z.J. asserts "even if it is found that the State requested a continuance, which was not formally applied for or heard," then the trial court should hold the hearings contemplated in section 985.26(4). That subsection reads:

**985.26 Length of detention**

. . . .

(4) The time limits in subsections (2) and (3) do not include periods of delay resulting from a continuance granted by the court for cause on motion of the child or his or her counsel or of the state. Upon the issuance of an order granting a continuance for cause on a motion by either the child, the child's counsel, or the state, the court shall conduct a

hearing at the end of each 72-hour period, excluding Saturdays, Sundays, and legal holidays, to determine the need for continued detention of the child and the need for further continuance of proceedings for the child or the state.

The trial court's authority to place a juvenile, who is charged with or found to have committed delinquent acts, in secure detention is entirely statutory. Therefore, strict compliance with section 985.26 is necessary. E.g., J.S. v. State, 182 So. 3d 890 (Fla. 5th DCA 2016) (citing B.R. v. State, 145 So. 3d 196, 198 (Fla. 2d DCA 2014)).

The most recent order supplied by the parties commands that Z.J. remain detained, with no end date specified, and sets a hearing for August 22, 2017. Neither party has supplied a transcript, and the "Setting Hearing Order" does not explain why the court ordered ongoing detention. Thus, unless the trial court granted a continuance for cause, this was error. See § 985.26(2) (forbidding pre-adjudication detention longer than twenty-one days); § 985.26(3) (forbidding post-adjudication, predisposition detention longer than fifteen days); see also M.D.E. v. State, 206 So. 3d 152, 153-54 (Fla. 5th DCA 2016) (accepting State concession that child detained longer than twenty-one days without adjudicatory hearing was error).

Accordingly, on remand, the trial court must either order Z.J. released or, if a continuance has been granted, the trial court must review the case every seventy-two hours.

PETITION GRANTED; CAUSE REMANDED.

SAWAYA, PALMER and EVANDER, JJ., concur.

3